**Donald D. HOFFMAN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. C02–5023RJB.**

United States District Court,
W.D. Washington
at Tacoma.

May 3, 2002.

Order Denying Reconsideration
May 24, 2002.

---

Donald D. Hoffman, Forks, Wa.

W. Carl Hankla, U.S. Dept. of Justice Tax Div., Washington, DC.

Diane E. Tebelius, U.S. Attys. Office, Seattle, WA.

## ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE WITH PREJUDICE

BRYAN, District Judge.

This matter comes before the court on the United States' Motion for Summary Judgment. Dkt. 9. The court has considered the pleadings filed in support of and in opposition to the motion and the file herein, and has determined that the matter may be decided without oral argument..

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir.1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service, Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888–89, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

## PROCEDURAL AND FACTUAL HISTORY

On March 22, 1999, plaintiff filed a Form 1040 individual income tax return for 1997. Dkt. 10, Exh. A. At the top of the first page of the return, plaintiff wrote his name, social security number, address, filing status (single), and number of exemptions (1). At the bottom of the first page and on the second page, in the sections regarding income, adjusted gross income, computations, credits, other taxes, and payments, plaintiff wrote zeros or left the lines blank. In the refund section on the bottom of page two, plaintiff claimed an overpayment of $10,400, and requested that all of that amount be refunded. In line 64, for the amount of tax owed, plaintiff inserted a zero. He signed and dated the return, describing his occupation as "Retired."

Attached to the Form 1040 was a document that stated in relevant part:

1, *Donald D. Hoffman,* am submitting this as part of my 1997 income tax return ever though I know that no section of the Internal Revenue Code:

(1) Establishes an income tax "liability" * * *

(5) Section 6103(h) and (*l* ) provides [sic] that all return information can be used against me to determine and impose both civil and criminal fines. Therefore, I do not see how any law can compel me to provide information to the government that can be used against me in this manner, consistent with my Fifth Amendment right not to be compelled to be a witness against myself. * * *

(6) With respect to the information I included in my return, I wish to point out that the courts have ruled that "A(1040) form with 'zeroes' inserted in the space provided...qualifies as a return." * * *

(7) Please note that my 1997 return also constitutes a claim for refund pursuant to Code Section 6402.

(8) * * * Therefore, since I had no Earnings in 1997, that would have been taxable as "income" under the Corporation Excise Tax Act of 1909, I can only swear to having "zero" income in 1997.

(9) I am also putting the IRS on notice that my 1997 tax return and claim for refund does not constitute a "frivolous" return pursuant to Code Section 6702. * * *

(10) Moreover, since no assessment for 1997 income taxes (as provided in Chapter 63) has ever been made against me, the IRS has no legal basis to hold the $10,400.00 of my money that it is now holding for 1997 income taxes. * * *

(13) In addition, I will hold IRS employees who disregard the statutes, court decisions, Privacy Act Notice provisions and other references contained in this document accountable pursuant to 26 USC 7214 and 18 USC 241. Section 7214 makes it a crime for IRS agents to seek to extract "other or greater sums than authorized by law" and to engage in "extortion and willful oppression under color of law." To the extent that IRS employees capriciously, wantonly and arbitrarily disregard the court decisions, statutes and other references contained in this document, they will be in criminal violation of these statutes, and you are accordingly being **put on such notice**. * * *

*Id. Emphasis in original.*

On September 4, 2000, the Internal Revenue Service (IRS) assessed plaintiff a $500 civil penalty under I.R.C. § 6702, "Frivolous Income Tax Return," for filing the above-described Form 1040. Dkt. 10, Exh. B.

On November 30, 2000, the IRS issued plaintiff a "Final Notice–Notice of Intent to Levy and Notice of Your Right to a Hearing" with regard to the frivolous return penalty. Dkt. 1, Exh. 4. On December 18, 2000, plaintiff filed a timely request with the IRS for a collection due process (CDP) hearing under 26 U.S.C. § 6330. Dkt. 1, Exh. 2. On September 27, 2001, plaintiff submitted a document to the Appeals Office that expressed plaintiff's position that the income tax laws are unenforceable. Dkt. 1, Exh. 3.

On October 15, 2001, the Appeals Office, through Appeals Settlement Officer Tim Paul, conducted the CDP hearing related to the appeal of his frivolous return penalty. Dkt. 1, Exh. 5. On December 17, 2001, the IRS denied plaintiff's CDP appeal in a "Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330." Dkt. 1, Exh. 1. The denial stated that "[a]ppeals has heard your appeal and is sustaining Collection function's proposed enforced collection actions as per Letter 11, Notice of Intent to Levy." Dkt. 1, Exh. 1.

On January 15, 2001, plaintiff filed this action for judicial review of the Appeals Office's determination pursuant to 26 U.S.C. § 6330(d)(1)(B). Dkt. 1. In his complaint and in his response to defendant's motion for summary judgment, plaintiff contends that the Appeals Officer failed to verify that (1) the notice entitling him to a CDP hearing was not sent to him by the Secretary of the Treasury and there was no proof that the person who sent the notice had been properly delegated to do so; (2) no document supporting imposition of the penalties at issue was ever produced by the IRS; (3) the IRS offered no proof that those who determined and imposed the penalties were authorized to do so; (4) plaintiff was never sent the Statutory Notice and Demand for payment with regard to the penalties at

issue; (5) no Treasury Department regulation requires that plaintiff pay the penalties at issue and defendant has not produced any such regulation; (6) no statute establishes an underlying liability for the income tax to which the penalties relate, and defendant has not identified any such statute; and (7) the IRS presented no verification at the CDP hearing that applicable laws or administrative procedures have been met.

## DISCUSSION

26 U.S.C. § 6702(a) provides for the immediate assessment of a civil penalty of $500 against any individual who files what purports to be a return of income tax where (1) the document filed either does not contain information on which the substantial correctness of the self-assessment may be judged or contains information that on its face indicates that the self-assessment is substantially incorrect; and (2) such conduct arises either from a position which is frivolous or from a desire which appears on the purported return to delay or impede the administration of Federal income tax laws.

26 U.S.C. § 6330 provides the procedures for administrative collection actions. The law requires that (1) the IRS give 30 days' written notice of the taxpayer's right to a CDP hearing before making a levy; (2) a hearing be conducted by an officer or employee who has no prior involvement with the subject tax liability; (3) the Appeals Office obtain verification from the IRS that the requirements of any applicable law or administrative procedure have been met; (4) the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy at the CDP hearing, including challenges to the appropriateness of collection actions and offers of collection alternatives; (5) the taxpayer may challenge the existence or amount of the underlying tax liability under some

circumstances; and (6) the final determination by the Appeals Officer shall take into consideration (a) the verification that applicable law and administrative procedures have been met, (b) the issues raised by the taxpayer, and (c) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. *See* 26 U.S.C. § 6330(a), (b)(1), (c), (c)(2)(B), and (c)(3)(C).

A taxpayer may appeal the determination of the Appeals Office to the Tax Court or to a federal district court, whichever has jurisdiction over the underlying tax liability. 26 U.S.C. § 6330(d). For frivolous return penalties under 26 U.S.C. § 6702, the federal district court has jurisdiction. *See* 26 C.F.R. & 301.6330–1(f)(2)(Q–F3 and A–F3); *Hart v. IRS*, 87 A.F.T.R.2d 2001–1531, 2001–1 USCT ¶ 50,-328 (E.D.Pa.2001); *Johnson v. Commissioner*, 117 T.C. 204, 2001 WL 1521576 (2001).

A review of the record shows that plaintiff voluntarily filed the tax return at issue. He participated in a hearing that was conducted by an Appeals Officer who had no previous involvement with the unpaid civil penalty at issue. The Appeals Officer verified that plaintiff actually received the first notice and demand for payment of the penalty, dated September 4, 2000. Plaintiff was permitted an opportunity to raise relevant issues, although at the hearing he focused on argument related to protesting the underlying taxes rather than the frivolous filing penalty. Dkt. 1, Exh. 5. However, the validity of the underlying taxes were not properly before the Appeals Officer in this CDP hearing on the frivolous filing penalty. Finally, in the December 17, 2001, determination sustaining the collection action, the Appeals Office balanced the need for the efficient collection of taxes with the legitimate concern that the collec-

tion action be no more intrusive than necessary. Dkt. 1, Exh. 1.

■ A review of the record supports the final determination of the Appeals Office. The Form 1040 in this case satisfies both prongs of 26 U.S.C. § 6702(a). First, it does not contain information on which the substantial correctness of the self-assessment may be judged. It contains zeroes or is blank except for plaintiff's name, address, signature, occupation and the alleged overpayment/refund due of $10,400. Second, the document attached to the Form 1040 shows that the information was omitted due to a position which is frivolous or from a desire, which appears on the purported return, to delay or impede the administration of Federal income tax laws. *See Bradley v. United States*, 817 F.2d 1400, 1404 (9th Cir.1987)(a position taken in a tax return is frivolous when the position has no basis in fact or law).

Plaintiff appears to argue that the court cannot look to the merits of his 1997 Form 1040, and therefore, that the IRS determination to assess the frivolous filing penalty is without basis. This is not the case. The return's lack of merit is relevant to the imposition of the frivolous return penalty.

Plaintiff maintains that there is no such thing as a frivolous return, and that he made a return when he filed the Form 1040 and the attached document. Whether plaintiff filed a return is not the issue. The issue is whether the return was frivolous. There is ample evidence to support the determination of the Appeals Office that it was.

Plaintiff raises several arguments in this appeal, and those arguments are addressed as follows:

■ *Inadequacy of Notice.* Plaintiff contends that the notice entitling him to a CDP hearing was not sent to him by the Secretary of the Treasury and there was

no proof that the person who sent the notice had been properly delegated to do so. Plaintiff received the notice, signed by a representative of the IRS. The Secretary of the Treasury properly delegated his authority pursuant to statute and regulation to IRS employees. *See* 26 U.S.C. § 7701(a)(11)(A); 26 U.S.C. § 7701(a)(12)(A)(i); Treas. Reg. § 301.7701–9 (26 C.F.R.); Delegation Order 193 (Rev.6), Dkt. 14, Exh.A. This argument is frivolous and without merit.

■ *Adequacy of Supporting Documentation.* Plaintiff contends that the IRS has never produced a document supporting imposition of the penalties at issue. He does not believe that a computer transcript is adequate to verify an assessment. However, an Appeals Officer may rely on computer transcripts that contain the requisite information in order to verify an assessment. *See Lunsford v. Commissioner,* 117 T.C. 159, 2001 WL 1521578 (2001). In this case, the Appeals Officer relied on an IRS computer printout that showed that $500 tax penalty assessment. Dkt. 10, Exh. B. Plaintiff has not shown that the tax assessment on the computer printout was in error. This argument is frivolous and without merit.

■ *Persons Authorized to Determine and Impose Penalties.* Plaintiff claims that the IRS offered no proof that those who determined and imposed the penalties were authorized to do so. Plaintiff was afforded notice of the imposition of a penalty by an employee of the IRS. He was afforded the opportunity to appeal that decision, which he did. This claim is frivolous and without merit.

■ *Statutory Notice and Demand for Payment.* Plaintiff contends that he was never sent the required Statutory Notice and Demand for payment with regard to the penalties at issue. Plaintiff received notice of the assessment and an opportunity to appeal that assessment. Plaintiff contends that he should have received a Form 17 A, rather than the notice he received. Form 17 A relates to assessment of unpaid income tax. Dkt. 12, Exh. 9. Notice and demand is not required to be sent on any particular form so long as the requisite information is included. *Hughes v. United States,* 953 F.2d 531, 536 (9th Cir.1992). Notice and demand is not required to be sent on a For 17 or Form 17A. *Schiff v. United States,* 71A A.F.T.R.2d 93–3271, 89–2 USTC ¶ 9551, 1989 WL 119410 (D.Conn.1989). This argument is frivolous and without merit.

■ *Regulation Requiring Plaintiff to Pay Penalty.* Plaintiff contends that no Treasury Department regulation requires that plaintiff pay the penalties at issue and defendant has not produced any such regulation. 26 U.S.C. § 6702(a) provides the statutory authority for assessing the penalty. This argument is frivolous and without merit. To the extent that plaintiff contends that the IRS did not comply with 26 U.S.C. § 6751, that argument is without merit because the penalty at issue in this case was assessed September 4, 2000; Section 6751 applies only to penalties assessed after June 30, 2001. Further, 26 U.S.C. § 6702, which governs frivolous return penalties, does not by its terms require any implementing regulations.

■ *Underlying Liability for Income Tax.* Plaintiff contends that no statute establishes an underlying liability for the income tax to which the penalties relate, and that the IRS has not identified any such statute. Plaintiff's underlying tax liability is not an issue in this case, although he consistently tried to make it so at the appeals hearing and before this court. Plaintiff's remedy with regard to the underlying tax liability would have been to file a petition with the Tax Court to contest the proposed deficiency in tax before he received his CDP notice. This argument is frivolous and without merit.

*CDP Hearing.* Plaintiff contends that the IRS presented no verification at the CDP hearing that applicable laws or administrative procedures have been met. As discussed above, plaintiff received the proper notices and the opportunity to appeal the $500 frivolous filing penalty. An Appeals Officer conducted a hearing in compliance with applicable statutes and regulations.

The United States's Motion for Summary Judgment should be granted and the case should be dismissed with prejudice.

Therefore, it is hereby

**ORDERED** that United States' Motion for Summary Judgment is **GRANTED**. This case is **DISMISSED WITH PREJUDICE.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

### ORDER DENYING MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiff's Motion for Reconsideration. Dkt. 19. The court has considered the documents filed in support of the motion and the file herein.

On May 3, 2002, the court granted defendant's motion for summary judgment and dismissed the case with prejudice. Dkt. 15. Plaintiff has now filed a motion for reconsideration.

Local Rule CR 7(h) provides in relevant part as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Plaintiff contends that (1) the IRS employee who imposed the frivolous filing penalty has not been identified nor has defendant shown that any such employee had the authority to impose the penalty; (2) the computer printout relied upon at the IRS hearing was not proper legal verification; (3) plaintiff was not sent a statutory Notice and Demand for payment; and (4) the IRS was without authority to assess the underlying income tax. These issues were raised by plaintiff in his complaint and in his response to defendant's motion for summary judgment. The arguments are frivolous and without merit.

Plaintiff has not shown manifest error in the court's ruling granting defendant's motion for summary judgement, nor has he shown new facts or legal authority which could not have been brought to the court's attention earlier with reasonable diligence.

Therefore, it is hereby

**ORDERED** that plaintiff's Motion for Reconsideration (Dkt.19) is **DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.