**Larry GILLETT, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 5:01–CV–104.**

United States District Court, W.D. Michigan, Southern Division.

Sept. 20, 2002.

Larry Gillett, Mason, MI, pro se.

Elizabeth Lan, U.S. Department of Justice, Tax Division, Washington, DC, for United States of America, Defendant.

### MEMORANDUM OPINION

McKEAGUE, District Judge.

This is an action brought by a *pro se* plaintiff to challenge IRS penalties imposed upon him for filing an allegedly frivolous tax return and to challenge his obligation to pay federal income taxes. The IRS imposed the penalties pursuant to 26 U.S.C. § 6702 for frivolous tax returns for the 1998 and 1999 tax years. Plaintiff's complaint asks this court to declare the penalties "invalid" because the hearing officer failed to conduct a "valid" due-process hearing pursuant to 26 U.S.C. § 6330(c). Plaintiff asks the court to "Order the government to reimburse plaintiff for all of (his) costs in bringing this action.

Award Plaintiff such other punitive damages as equity relief dictates based on the needless time, effort and money Defendant's lawless actions compelled Plaintiff to expend." (Complaint at 5) (citing 26 U.S.C. § 7433).

The matter is before the court on defendant's motion for summary judgment. (docket # 5). Defendant seeks dismissal of plaintiff's claims on the basis that this court lacks subject-matter jurisdiction. Defendant asserts that the proper forum for plaintiff's lawsuit attempting to challenge his underlying tax liability is the United States Tax Court. (Def. Brief at 4). Defendant argues that this court does have "jurisdiction to review the IRS's determination with respect to the frivolous return penalties assessed pursuant to 26 U.S.C. § 6702." (Def. Brief at 4 n.1) (citing *Van Es v. Commissioner*, 115 T.C. 324, 2000 WL 1520321 (2000)). Defendant seeks a court order affirming the decision of the appeals officer imposing sanctions against plaintiff for filing frivolous tax returns.

Plaintiff filed his response on February 21, 2002. (docket # 13). Plaintiff opposes defendant's motion for summary judgment on the basis that, "Defendant's memorandum of law is nothing but a conglomeration of false and fraudulent claims designed to circumvent the law and deny plaintiff protection." (docket # 13, at 2). Plaintiff vehemently disagrees with the defendant's assertion that plaintiff's underlying ability to pay taxes was not at issue at the hearing. Plaintiff claims that he challenged his underlying liability to pay taxes at the hearing and states, "it is an issue in this proceeding and is a contested issue of fact." (*Id.*). Plaintiff repeats this assertion on page 3 of his brief where he states, "The issue of underlying liability is at issue in this proceeding and is a contested issue of fact." (Id. at 3). Plaintiff repeats these

arguments on page 21 of his brief and in the declaration he attached in support of his brief.

Upon review, defendant's motion for summary judgment affirming the administrative decision imposing sanctions will be granted. Plaintiff's remaining claims will be dismissed because the court lacks subject-matter jurisdiction on those claims.

### Applicable Standards

■ Defendant has filed a motion asking that the complaint against it be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The Sixth Circuit recognizes two types of 12(b)(1) motions: a "facial" attack challenging the sufficiency of the plaintiff's factual allegations, in which all well-pleaded factual allegations in the complaint are taken as true; and a "factual" attack challenging the actual fact of subject-matter jurisdiction, which is analyzed under Fed. R. Civ. P. 56 standards. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir.1990); *Treglowne v. United States*, No. 99–cv–70323, 2000 WL 264677, at * 3 (E.D.Mich. Jan.21, 2000). The difference is often significant, because under a factual challenge the district court is empowered to weigh the evidence, and no presumptions apply as to the truthfulness of plaintiff's allegations. *United States v. A.D. Roe Co.*, 186 F.3d 717, 721–22 (6th Cir.1999). The Sixth Circuit has clearly recognized that a district court is empowered consider evidence beyond the pleadings and to resolve factual disputes when necessary to resolve challenges to subject-matter jurisdiction under Rule 12(b)(1). *See Madison–Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996); *RMI Titanium Co. v. Westinghouse Elec. Co.*, 78 F.3d 1125, 1133–34 (6th Cir.1996); *compare United States v. BellSouth Telecommunications, Inc.*, 123 F.3d 935, 937 (6th Cir.1997). Here, defendant presents a factual attack challenging this court's subject-matter jurisdiction.

Summary judgment is appropriate when the record reveals that there are no issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hiney Printing Co. v. Brantner*, 243 F.3d 956, 959 (6th Cir.2001); *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir.2001); *Parker v. Metropolitan Life Ins. Co.*, 121 F.3d 1006, 1009 (6th Cir.1997) (*en banc*). The standard for determining whether summary judgment is appropriate is whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir.2001); *Groner v. Golden Gate Gardens Apts.*, 250 F.3d 1039, 1043 (6th Cir.2001); *Strouss v. Michigan Dep't of Corr.*, 250 F.3d 336, 341 (6th Cir.2001). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Pride v. BIC Corp.*, 218 F.3d 566, 567 (6th Cir.2000).

When the party without the burden of proof (generally the defendant) seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the non-moving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir.1993). Once the movant shows that "there is an absence of evidence to support the nonmoving party's

case," the non-moving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To sustain this burden, a plaintiff may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *Dudley v. Eden,* 260 F.3d 722, 724 (6th Cir.2001); *Braithwaite v. Timken Co.,* 258 F.3d 488, 493 (6th Cir. 2001); *Campbell v. Grand Trunk W.R.R.,* 238 F.3d 772, 775 (6th Cir.2001). "A mere scintilla of evidence is insufficient." *March v. Levine,* 249 F.3d 462, 471 (6th Cir.2001). Rather, a party with the burden of proof opposing a motion for summary judgment has the burden to come forth with requisite proof to support his legal claim, particularly where he has had an opportunity to conduct discovery. *See Cardamone v. Cohen,* 241 F.3d 520, 524 (6th Cir.2001); *Noble v. Chrysler Motors Corp.,* 32 F.3d 997, 999 (6th Cir.1994).

### Facts

The following facts are beyond genuine issue. In September of 2000, the Internal Revenue Service received 1040 forms from plaintiff for the 1988 and 1999 tax years. Plaintiff had entered zeros in the spaces provided for his wages, total income and adjusted gross income. Plaintiff's W–2's showed the payment of wages, tips and other compensation. On the 1999 form, plaintiff claimed a refund in the amount of $16.80. At the bottom of page two plaintiff wrote, "I am not filing this voluntarily, but I am filing this return in fear that if I didn't I would be prosecuted (illegally) for failing to do so." (docket # 8, Ex. A). In response, the IRS sent plaintiff the following letter:

We have determined that the information you sent is frivolous and your position has no basis in law. Claims, such as yours, have been considered and rejected repeatedly as without merit by federal court, including the Supreme

Court of the United States. Therefore, we will not respond to future correspondence concerning these issues.

In answering your tax questions, we encourage you to seek advice from competent tax counsel or an attorney qualified to practice in your state.

This is to inform you of the potential consequences of the position you have taken and to offer you and opportunity to correct your position within 30 days from the date of this letter.

INTERNAL REVENUE CODE SECTION 6702 (FRIVOLOUS INCOME TAX RETURN) PROVIDES:

(a) CIVIL PENALTY -if-

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which

(A) does not contain information on which the substantial correctness of the self-assessment may be judged; or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to -

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws, then such individuals shall pay a penalty of $500.

(b) PENALTY IN ADDITION TO OTHER PENALTIES—The penalty imposed by subsection (a) shall be in addition to any other penalty provided by law.

On October 9, 2000, the IRS assessed the $500 penalty upon the 1998 and 1999 returns. The IRS issued a notice of assessment and demand for payment at that time. On February 8, 2001, the IRS issued a "Final Notice–Notice of Intent to

Levy and Notice of Your Right to a Hearing." This notice stated as follows:

> You have not paid your federal tax. We previously asked you to pay but we still haven't received full payment. This letter is your notice of our intent to levy under the Internal Revenue Code Section (IRC) 6331 and your notice of a right to receive Appeals consideration under the IRC 6330. PLEASE CALL U.S. IMMEDIATELY at one of the telephone numbers shown above if you recently made payment or can't pay the amount you owe.

(docket # 8, Ex. B). The attached account summary showed civil penalties of $500 for each tax year and statutory additions of $18.55, for a total of $1037.10. (*Id.*).

Plaintiff requested a hearing. (Docket # 8, Ex. C). Plaintiff objected to the penalties imposed and stated the basis for his objection as follows:

> See attached Request for Due Process Hearing "Frivolous Penalty" as to the issues that I am challenging—among them is the validity of the frivolous penalties and your authority to assess it.

Plaintiff's attachment stated as follows:

> REQUEST FOR DUE PROCESS HEARING "FRIVOLOUS" PENALTY
>
> Please have at the hearing:
>
> 1) The name or names of the IRS employees who imposed the "frivolous" penalty along with their Federal ID number.
>
> 2) The delegation of authority from the Secretary authorizing such persons to impose a "frivolous" penalty.
>
> 3) The official job description(s) of those IRS employees who imposed the "frivolous" penalty.
>
> 4) Since Code Sections 6001 and 6011 (Code Sections specifically mentioned in the Privacy Act Notice in the 1040 booklet) advise the public that they need only "comply with the regulations," I am requesting that you also have at the hearing the Treasury regulation that allows IRS employees to impose the "frivolous" penalty, and the regulation that requires me to pay it.
>
> 5) Since I am *"challenging the existence of the underlying tax liability,"* an issue Code Section 6330(c)(2)(B) specifically authorizes me to raise. Therefore, at the Due Process hearing I expect the appeals officer be able to identify the specific Code section that makes me "liable" for the income tax at issue. Since I did not get a DEFICIENCY NOTICE in connection with the $500 frivolous penalty, and since I never had an opportunity to dispute such "tax liability" in connection with this penalty, the appeals officer *is required by law* (pursuant to Code Section 6330(c)(2)(B)) to establish such a "liability"—especially since paragraph 1 of my alleged frivolous return claimed that I had no income tax "liability" as a matter of law. And if that statement is correct, than my 1998 & 1999 returns could not be "frivolous" just on that basis alone.

(Complaint, Ex. B).

On July 12, 2001, the Internal Revenue Service appeals officer conducted a collection due-process hearing. Pertinent portions of the transcript according to plaintiff are set forth below:

> MF Ok ... um. Today is July 12, 2001. If you could state your name for the record, both of you please.
>
> LG My name is Larry Gillet.
>
> MC My name is Mary Jo Covell.
>
> MF And I am Mary Jo Fedewa. I'm an appeals officer with the Internal Revenue Service. This is your Collection Due Process hearing with regard

to the frivolous penalty that was assessed 1998 and 1999.

LG Right. Ok. My request is, when I filed this for Due Process Hearing I requested these documents ... that you have these documents on hand[:] they are the names of the employees who imposed this frivolous penalty, their delegation order from the secretary[,] the official job descriptions[,] and the code section regulation 6702.

MF I do not have names. I do not have job descriptions. Delegation orders are public information. You can look those up in your local library. As far as the code section, that's the frivolous return penalty section, we keep that copy, that allows us to assess a frivolous return of $500.00[.] If you file a return that does not contain information that allows us to ascertain that it[']s a substantially correct return.

\* \* \* \* \* \*

MF Ok the reason the frivolous penalty was assessed you know the reason the frivolous penalty was assessed.

LG I filed.

MF You filed a tax return with all zeros.

LG Absolutely.

MF That is not a return that allows us to make a correct assessment of your taxes.

(Complaint, Ex. C).

On July 26, 2001, the IRS issued a Notice of Determination denying plaintiff's request for relief from the penalties. (Complaint, Ex. A). The Notice described the basis for the determination in these terms:

| Type of Tax | Tax Period |
| --- | --- |
| Civil Penalty | 1998 |
| Civil Penalty | 1999 |

### Legal and Procedural Requirements

With the best information available, the requirements of various applicable laws or administrative procedures have been met. On 8–18–2000, you were sent a letter stating that the documents filed as returns were frivolous and a frivolous return penalty would be assessed if they were not corrected within 30 days. The penalty was assessed on October–9–2000 and notice of assessment and demand for payment was sent at the time.

### Issues Relating to the Unpaid Liability

- You demanded that you be provided with implementing regulations for code section 6702 and stated that the penalty was not valid without these regulations.

- You stated that the code did not define the word liability and did not state that you were liable for an income tax.

- You did not raise any other issues (other than demanding names and job descriptions of employees and demanding copies of regulations) and you did not raise any issues that Appeals has jurisdiction over.

### Balancing efficient Tax Collection with Concern Regarding Intrusiveness

Because the t/p did not raise any issues, other than constitutional objections to the income tax laws, the proposed levy action balances the need for efficient tax collection with concern regarding the intrusiveness of the action.

(docket # 8, Ex. D). The Notice of Determination concluded with the statement, "You did not raise any issue that Appeals has jurisdiction over. Your request for relief from the proposed levy is denied." (*Id.*). The notice stated, "If you want to dispute this determination in court, you have 30 days from the date of this letter to file a complaint in the appropriate United States District Court for a redetermination." Plaintiff filed his complaint on August 24, 2001. (docket # 1).

## Discussion

■ The IRS is statutorily authorized to assess a civil penalty of $500 against any individual who files what purports to be a return of income tax where (1) the document filed either does not contain information on which the substantial correctness of the self-assessment may be judged or contains information that on its face indicates that the self-assessment is substantially incorrect; and (2) such conduct arises either from a position which is frivolous or from a desire which appears on the purported return to delay or impede the administration of federal income tax laws. 26 U.S.C. § 6702(a). The test for frivolousness under section 6702(a) is purely an objective one, and is met when the position taken by the individual has no basis in fact or law. *See Bradley v. United States*, 817 F.2d 1400, 1404 (9th Cir.1987); *see also Klunder v. United States*, No. C99–542R, 2000 WL 555963, at * 1 (W.D.Wash. Feb.25, 2000).

Numerous federal courts have upheld the imposition of the $500 sanction by the IRS pursuant to 26 U.S.C. § 6702(a), where, as here, a tax form is filed stating that an individual had no income, but the attached W–2 forms show wages, tips, or other compensation of greater than zero. *See Hoffman v. United States*, 209 F.Supp.2d 1089, 1093 (W.D.Wash.2002); *Loofbourrow v. Commissioner*, 208 F.Supp.2d 698, 709–10 (S.D.Tex.2002); *Carroll v. United States*, 217 F.Supp.2d 852 (W.D.Tenn.2002); *Reinhardt v. Internal Revenue Service*, No. CIVS–1286GCDGGHPS, 2002 WL 1095351, at * 5 (E.D.Cal. May 24, 2002); *Light v. United States*, No. CV–S–01–923–LRH(RJJ), 2002 WL 1465963, at * 3 (D.Nev. May 15, 2002) (citing, among other cases, *Sisemore v. United States*, 797 F.2d 268, 270 (6th Cir. 1986)); *Montijo v. United States*, No. CV–S–01–1227–RLH(LRL), 2002 WL 1466096, at * 3 (D.Nev. May 14, 2002) (finding "no doubt" about the validity of the penalty)(collecting cases); *Baker v. United States*, No. CV–S–01–1187–RLH RJJ, 2002 WL 1396129, at * 3 (D.Nev. May 10, 2002) (same).

The appeals officer's decision upholding sanctions against plaintiff took into consideration: "(A) the verification presented under paragraph (1); (B) the issues raised under paragraph (2); and (C) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." 26 U.S.C. § 6330(c). (Complaint, Ex. A).

Section 6330(d) provides for judicial review after a CDP hearing, but fails to specify the standard of review or the court responsible for conducting that review. *Carroll*, 2002 WL 1962944, at * 3.

(1) Judicial review of determination.— The person may, within 30 days of a determination under this section, appeal such determination—

(A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or

(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States. If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

26 U.S.C. § 6330(d). Many federal courts have held that because it is related to income taxes, judicial review under § 6330(d) of frivolous tax return penalties falls within the exclusive jurisdiction of the Tax Court and outside the jurisdiction of the United States District Courts. *See Steidel v. Evans*, No. C–02–5205 RJB, 2002 WL 1988174 (W.D.Wash. July 22, 2002); *Cortes v. United States*, No. CV–S–01–940–RLH LRL, 2002 WL 1987469, at *

2 (D.Nev. July 10, 2002); *Tornichio v. United States,* No. 5:02–cv–351, 2002 WL 508325 (N.D.Ohio Mar.18, 2002); *Hart v. United States,* No. 1:02–cv–147, 2002 WL 507964 (N.D.Ohio Mar.2, 2002). The Tax Court has held that it does not have jurisdiction to consider frivolous return penalties. *See Van Es v. Commissioner,* 115 T.C. 324, 2000 WL 1520321 (2000) *see also Johnson v. Commissioner,* 117 T.C. 204, 208, 2001 WL 1521576 (2001); *Lunsford v. Commissioner,* 117 T.C. 159, 162, 2001 WL 1521578 (2001). The federal appellate courts have not yet resolved whether review lies within the district courts or the Tax Court. The Sixth Circuit has held in an unpublished decision that a suit pursuant to 26 U.S.C. § 6330 attempting to challenge a hearing officer's decision concerning a plaintiff's underlying tax liability for particular years fell within the exclusive jurisdiction of the United States Tax Court. *See Diefenbaugh v. Weiss,* No. 00–3344, 2000 WL 1679510 (6th Cir. Nov.3, 2000). The Sixth Circuit affirmed a district court's *sua sponte* dismissal of the plaintiff's complaint. *Id.* At present, it is unclear whether the Sixth Circuit would correspondingly hold that review of the administrative decision to impose civil sanctions for filing a frivolous return fell within the exclusive jurisdiction of the United States Tax Court.

In the absence of controlling appellate authority, the court will assume for analytical purposes that this court does have subject-matter jurisdiction limited to review of the appropriateness of the frivolous tax return penalties imposed pursuant to 26 U.S.C. § 6330(d). In *Carroll v. United States,* the United States District Court for the Western District of Tennessee applied an abuse-of-discretion standard in conducting a section 6330(d) review. The court noted that in other contexts the Sixth Circuit had held that the appropriate standard of review of penalty determinations by administrative agencies should be

the abuse-of-discretion standard. 2002 WL 1962944, at * 3 (citing *Steeltech, Ltd. v. United States Environmental Protection Agency,* 273 F.3d 652, 655 (6th Cir. 2001) and *Schuck v. Frank,* 27 F.3d 194, 197 (6th Cir.1994)). The court observed that lower courts within the Sixth Circuit had applied an abuse-of-discretion standard in this specific context, citing the legislative history of section 6330. 2002 WL 1962944, at * 3 (citing *Bonfante v. United States,* No. C–2–00–1222, 2002 WL 373407 (S.D.Ohio Jan.29, 2002) and *Geller v. United States,* No. C2–00–1116, 2001 1346669, at * 2 (S.D.Ohio Sept.26, 2001)). Other courts have also applied the abuse-of-discretion standard. "[T]he legislative history indicates that a court should conduct a de novo review only 'where the validity of the tax liability was properly at issue at the administrative hearing.' H. Conf. Rept. 105–599, 105th Cong.2d sess. 266 (1998). Where the amount of the underlying tax liability is not properly part of the appeal, the court reviews a Notice of Determination for abuse of discretion." *Pinsonneault v. United States,* No. CV–5–01–919–RLJRRJJ, 2002 WL 442275, at * 3 (D.Nev. Feb.14, 2002); *see also Stanifird v. Wilcox,* No. CV–00–1954–PHX JAT, 2001 WL 758711, at * 1 (D.Ariz. June 12, 2001). Under an abuse-of-discretion standard, the administrative decision must be affirmed unless the court determines with a "definite and firm conviction that a clear error of judgment has been committed." *Cincinnati Ins. Co., v. Byers,* 151 F.3d 574, 578 (6th Cir.1998). Other courts have applied a *de novo* review standard. *See, e.g., Light,* 2002 WL 1465963, at * 3. The courts applying a *de novo* review have limited judicial review "to those issues raised during the CDP hearing." *Reinhart,* 2002 WL 1095351, at * 4. Regardless of whether the hearing officer's decision is reviewed *de novo,* or under an abuse-of-discretion standard, in the present case,

the defendant is entitled to judgment in its favor as a matter of law upon the statutory sanctions imposed against plaintiff for filing frivolous returns.

 Plaintiff clearly received notice and opportunity for a hearing prior to the IRS levy as required by 26 U.S.C. § 6330(a).[1] Plaintiff requested and received a CDP hearing pursuant to 26 U.S.C. § 6330(b) before a hearing officer.[2] At the hearing, plaintiff declined to challenge matters allowable under 26 U.S.C. § 6330(c)(2). Plaintiff did not challenge the appropriateness of the intended method of collection, offer an alternative means of collection, or raise a spousal defense. *Carroll,* 2002 WL 1962944, at * 5. The statute provides that a person "may also raise at the hearing challenges to the existence or amount of the underlying tax liability," if other requirements are met. 26 U.S.C. § 6330(c)(2)(B). In this context, the "underlying tax liability" referred to in 26 U.S.C. § 6330(b) is the frivolous return penalty, not the underlying liability to pay taxes for a particular year. *See Montijo,* 2002 WL 1466096, at * 2; *Light,* 2002 WL 1465963, at * 3. From the record presented, it is clear that plaintiff had an opportunity to contest his tax liability at the hearing. *See Reinhart,* 2002 WL 1095351, at * 5. In any event, plaintiff's arguments regarding why he was not obligated to pay taxes have been expressly rejected by the federal courts. The hearing officer was not required to respond to such well-worn

and frivolous arguments. *Reinhart,* 2002 WL 109351, at * 6; *see also United States v. Mundt,* 29 F.3d 233, 237 (6th Cir.1994) (reciting a litany of rejected arguments concerning the power of the United States government to collect income tax).

, Plaintiff complains that the hearing officer refused to identify the IRS employees who imposed the penalties. "The identity of the IRS employees who imposed the penalt[ies] is not relevant to whether the penalty was proper. Accordingly, this claim is without merit." *Reinhart,* 2002 WL 1095351, at * 5. Courts have likewise rejected as "frivolous" the argument that the IRS failed to offer proof that those who determined and imposed the penalties were authorized to do so. *Hoffman,* 209 F.Supp.2d at 1094.

 Plaintiff complains that the hearing officer failed to identify the regulations that required plaintiff to pay the penalty. "According to the regulations, there is no requirement that the hearing officer identify the regulations on which the penalty is based during the hearing." *Reinhart,* 2002 WL 109351, at *5. In any event, the written notices that plaintiff received identified the statutory basis for the penalties imposed. Finally, plaintiff complains that he was not provided with the verification he had requested from the hearing officer. There is simply no requirement that the appeals officer provide a verification to the

---

1. "The particular form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information required under 26 U.S.C. § 6303(a)." *Carroll,* 2002 WL 1962944, at * 4.

2. If plaintiff was attempting to assert a procedural due-process claim, this court lacks jurisdiction over such a claim. *See, e.g., Glass v. Internal Revenue Service,* No. 01–2112, 2001 WL 1356141 (10th Cir. Nov.5, 2001). "Dis-

trict courts have no jurisdiction over civil claims challenging taxes unless litigants first pay the assessed tax and then raise these claims in a refund suit. (*See* 26 U.S.C. § 7421(a) prohibiting suits to restrain assessment or collection of taxes); *see also Flora v. United States,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) (holding that 28 U.S.C. § 1346(a), which gives district courts jurisdiction over suits challenging tax assessments, requires full payment of assessed tax prior to suit)." *Tornichio,* 2002 WL 508325, at * 3.

taxpayer. *Reinhart*, 2002 WL 1095351, at * 5. The penalty will therefore be affirmed.

 To the extent plaintiff is attempting to challenge his tax liability for the 1998 and 1999 tax years, such claims must be dismissed for lack of jurisdiction. Such claims fall within the exclusive jurisdiction of the United States Tax Court. *See Diefenbaugh v. Weiss*, No. 00–3344, 2002 WL 1679510 (6th Cir. Nov. 3, 2000); *Pinsonneault v. United States*, 2002 WL 442275, at * 2; *accord Steidel v. Evans*, 2002 WL 1988174, at * 2; *Cortes v. United States*, No. CV–S–01–940–RLH LRL, 2002 WL 1987469, at * 2 (D.Nev. July 10, 2002).

Finally, the United States is immune from suit under the doctrine of sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). Plaintiff has the burden of establishing that the government has waived sovereign immunity and to identify the specific statutory provision containing the waiver. *See Baker v. United States*, 817 F.2d 560, 562 (9th Cir.1987). The waiver must be express and will not be implied. *Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996). The scope of any waiver of sovereign immunity is to be strictly construed in favor of the sovereign. *See Department of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999). Plaintiff's claim for monetary damages against defendant is barred by sovereign immunity.

### Conclusion

Plaintiff's claims seeking to challenge his underlying tax liability and seeking monetary damages against defendant will be dismissed for lack of subject-matter jurisdiction. The administrative decision imposing sanctions against plaintiff for filing frivolous returns will be affirmed.