T.C. Memo. 2003-276

UNITED STATES TAX COURT

CARL AND LISA NEUGEBAUER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8568-02L.          Filed September 23, 2003.

Carl and Lisa Neugebauer, pro se.

<u>Karen Nicholson Sommers</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  Petitioners, while residing in Murrieta,
California, petitioned the Court under section 6330(d) to review
respondent's proposed collection activity in the form of a levy.
Respondent proposed this action to collect petitioners' joint
Federal income tax liability for 1994 and 1995.  Currently, the
case is before the Court on respondent's motion for summary

judgment under Rule 121(a). Petitioners responded to respondent's motion under Rule 121(b).

We shall grant respondent's motion for summary judgment. Section references are to the applicable versions of the Internal Revenue Code. Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioners filed joint Federal income tax returns for 1994 and 1995 reflecting refunds for both years. These returns were later audited, and on or about April 19, 1999, respondent assessed income tax deficiencies and related penalties and interest against petitioners with respect to 1994 and 1995. Petitioners failed to pay fully the amounts assessed and in February 2000 ceased making monthly payments of $2,500 per month as mandated by an installment payment agreement. On or about May 7, 2001, respondent issued to petitioners a letter entitled "Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing Under IRC 6330".

On or about June 8, 2001, petitioners submitted a Form 12153, Request For A Collection Due Process Hearing. On January 10, 2002, petitioners submitted an offer in compromise and a collection information statement in connection with their request for a hearing. Respondent's Appeal officer determined that the offer in compromise should not be accepted because the offer and

supporting financial information were incomplete.  Petitioners did not provide the complete information.  On January 17, 2002, a hearing was held between respondent's Appeals officer and petitioners' counsel Judy E. Hamilton.  In connection with the hearing, the Appeals officer reviewed Internal Revenue Service transcripts of account for petitioners' 1994 and 1995 income tax liabilities.

On April 12, 2002, respondent sent petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (Notice of Determination) regarding petitioners' 1994 and 1995 income tax liabilities.  On May 13, 2002, petitioners filed with the Court a Petition for Lien or Levy Action.  Neither in the petition nor in the previous request for a hearing did petitioners raise any issues with respect to the existence or the amount of the underlying tax liability.  Instead, petitioners allege that they were denied their right to a hearing under section 6330, that they were denied participation in the proceedings relating to their offer in compromise, and that they were subjected to punitive conduct by personnel of the Internal Revenue Service (IRS).  Petitioners ask the Court to remand this case to Appeals for further consideration of an offer in compromise or, alternatively, to transfer this case to the appropriate Federal District Court.

On July 11, 2003, respondent moved for summary adjudication on all issues presented in this case. On August 20, 2003, petitioners filed with the Court a reply to that motion.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are drawn in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As will be shown in the discussion that follows, petitioners raised no genuine issue as to any material fact. Respondent supported his motion for summary judgment with the pleadings, exhibits, and an affidavit of one of his attorneys. Petitioners'

reply was supported by materials not responsive to the merits of respondent's motion. The reply also did not set forth any specific facts showing a genuine issue for trial. We consider "the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits", and find no genuine issue as to any material fact. Rule 121(b). Accordingly, we conclude that this case is ripe for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary may collect such tax by levy on the person's property. Section 6331(d) states that at least 30 days before enforcing collection by levy on the person's property, the Secretary must furnish the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Under section 6330, the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179-180 (2000). In the case of such judicial review, the Court will review a taxpayer's liability under the de novo

standard where the validity of the underlying tax liability is at issue. A taxpayer's underlying tax liability may be at issue if he or she "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B). The Court will review the Commissioner's administrative determination for abuse of discretion with respect to all other issues. Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Here, petitioners do not dispute the existence or the amount of an underlying tax liability. Therefore, the proper standard for our review of respondent's determination is abuse of discretion. Under section 6330(c)(3), the determination of an Appeals officer must take into consideration (A) the verification that the requirements of applicable law and administrative procedures have been met, (B) issues raised by the taxpayer, and (C) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary.

Here, the Appeals officer addressed all these matters. He satisfied the first requirement by reviewing the Internal Revenue Service transcripts of petitioners' account. Hill v. Commissioner, T.C. Memo. 2002-272; Kuglin v. Commissioner, T.C. Memo. 2002-51; Weishan v. Commissioner, T.C. Memo. 2002-88.

The Appeals officer satisfied the second requirement by considering the issues raised by petitioners. The only issue raised by petitioners was their inability to pay the liability in full and, in that regard, petitioners requested that they be allowed to satisfy the liability through an offer in compromise. The Appeals officer addressed this request by reviewing the information submitted, explaining that it was incomplete, and asking for additional information. Petitioners failed to submit a properly completed Form 656, Offer in Compromise, and the required financial information for the consideration of their request.

As to the third requirement, the Appeals officer properly balanced the need for efficient collection of taxes through the proposed levy against the concern that any collection action be no more intrusive than necessary. Petitioners failed to provide the information required in order to consider an alternative collection action.

Throughout the proceeding, petitioners' conduct demonstrates propensity to delay the collection of their outstanding tax liabilities. We sustain respondent's determination regarding the proposed levy as a permissible exercise of discretion. We note as to the allegations set forth in the petition that petitioners did receive a hearing under section 6330, that petitioners were given an opportunity to participate in an offer in compromise,

and that petitioners' unsupported allegations create no triable issue of fact regarding the "punitive conduct" by the IRS personnel.

Regarding petitioners' request to refer this case to a different forum, we observe that this Court has jurisdiction over the appeal of the administrative determinations where the underlying tax liability concerns unpaid income taxes, as opposed to the other taxes. See, e.g., <u>Goza v. Commissioner</u>, <u>supra</u>; <u>Danner v. United States</u>, 208 F. Supp. 2d 1166 (E.D. Wash. 2002); <u>Gillett v. United States</u>, 233 F. Supp. 2d 874 (W.D. Mich. 2002). Therefore, we decline to grant petitioners' request.

We have considered all arguments raised by the parties and have found those arguments not discussed herein to be irrelevant and/or without merit. Accordingly,

<u>An appropriate order and</u>
<u>decision will be entered for</u>
<u>respondent.</u>