**Richard WOS, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 04–1249.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 31, 2004.*

Decided Aug. 31, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

690

Richard Wos, Morton Grove, IL, for Petitioner–Appellant.

Mary E. Roccapriore, Department of Justice Tax Division, Appellate Section, Washington, DC, for Respondent–Appellee.

Before BAUER, EASTERBROOK, and ROVNER, Circuit Judges.

### ORDER

When Richard Wos failed to file federal income tax returns for 1996 and 1997, the Commissioner of Internal Revenue issued him deficiency notices estimating his taxes for those years. Wos then filed suit in the United States Tax Court, *see* 26 U.S.C. §§ 6330(d)(1), 7502(a), challenging the Commissioner's calculations of his tax liability. The tax court held in favor of the Commissioner, and imposed sanctions on Wos for making frivolous arguments. Wos appeals, and we affirm.

In 1996 and 1997 Wos operated a washing machine repair business. Although Wos now admits that for both years his net profit from the business was just over $30,0000, he never mentioned business income in a purported income tax return mailed to the IRS for 1996. That document started as a Form 1040, but Wos lined out most of its preprinted language, including the declaration that the included information was submitted under penalty of perjury. The IRS did not accept it as a valid return. As for 1997, the IRS has no record of Wos filing a return at all. The IRS investigated Wos's income for those

years, taking into account both this business income and additional income from a pension, and sent him a single Notice of Deficiency calculating his tax liability for both years.

Wos then petitioned the Tax Court to redetermine the deficiencies. Principally he argued that his earnings from the repair business represented an "even exchange" of money for labor that generated no "income" subject to tax. During pretrial proceedings the court twice warned Wos that this argument was frivolous and might result in sanctions. In response, Wos moved for the judge's recusal, asserting that she was rejecting his argument only because she was prejudiced against pro se litigants. The court denied this motion, but Wos persisted with his contention that the business generated no "income." After trial the tax court entered a decision in favor of the Commissioner, finding Wos liable for tax deficiencies for both 1996 and 1997, as well as penalties for failure to file. The court also sanctioned Wos $3000 pursuant to 26 U.S.C. § 6673 for advancing a frivolous argument.

■ On appeal Wos advances three arguments, all of which lack merit. He first argues that the profit derived from his repair business was not taxable "income" because it resulted from an "even exchange" of labor for money. However, it is well established that compensation received for labor is income and subject to taxation. *United States v. Cooper*, 170 F.3d 691, 691 (7th Cir.1999). Wos also argues that he is not liable for taxes because he never received a "valid assessment" of his liability. This argument, too, misses the mark, because the government need not (and indeed cannot) issue an assessment while a taxpayer's timely challenge to a notice of deficiency is still pending. 26 U.S.C. § 6213(a); *Reynolds v. CIR*, 296 F.3d 607, 613 (7th Cir.2002);

*Murray v. CIR*, 24 F.3d 901, 903 (7th Cir.1994). Finally, Wos argues that there has been no valid determination of his tax liability because the Commissioner filed for each year a substitute return labeled as a "substitute for return." The tax code authorizes the Commissioner to make a "return" from available information in determining the tax liability of those who do not file returns; the code nowhere prescribes a form or name for this return. *See* 26 U.S.C. § 6020(b)(2); *Carlson v. United States*, 126 F.3d 915, 926 (7th Cir. 1997). Moreover, a substitute return is not a precondition for issuing a notice of deficiency, so it makes no difference here whether or not the two returns made on behalf of Wos were valid. *See* 26 C.F.R. § 301.6211–1(a); *Laing v. United States*, 423 U.S. 161, 173–74, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976). The Tax Court's determination of Wos's tax liability was not in error.

■ Wos also requests that we overturn the sanctions imposed on him by the tax court for continually arguing that the profit derived from his repair business was not taxable "income." The Tax Court repeatedly warned Wos that this argument was frivolous; in fact, we have characterized it as "frivolous squared." *Cooper*, 170 F.3d at 691. Accordingly, the imposition of sanctions was not in error. *See McLaughlin v. CIR*, 832 F.2d 986, 988 (7th Cir.1987). Wos's appeal, based on the same argument, is frivolous. We order Wos to show cause within 21 days of this order why he should not be sanctioned for filing a frivolous appeal. *See* Fed. R.App. P. 38.

AFFIRMED; ORDER TO SHOW CAUSE ISSUED.