Ronald **HERIP**, Plaintiff–Appellant,

v.

**UNITED STATES of America**, Defendant–Appellee.

No. 02–4078.

United States Court of Appeals, Sixth Circuit.

Sept. 2, 2004.

Jerry Arthur Jewett, Fremont, OH, for Plaintiff–Appellant.

Annette G. Butler, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, John Schumann, U.S. Department of Justice, WAshington, DC, for Defendant–Appellee.

Before BOGGS, Chief Judge, KENNEDY, Circuit Judge, and RUSSELL, District Judge.*

PER CURIAM.

Mr. Herip is a tax protestor. He filed amended returns in 1998 purporting to show that his actual "adjusted gross income" between 1984 and 1996 was not the tens of thousands of dollars he initially reported but actually zero. He did not contest or appeal the notices of fines and penalties that the IRS assessed him as a result of these filings, but now contests and appeals the due process hearing the IRS held in order to ensure that he could pay. The district court granted summary judgment in the IRS's favor. We affirm.

## I.

Mr. Herip brought this suit in district court to challenge the determination by

---

* Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

the IRS Office of Appeals sustaining a proposed levy action to collect the unpaid civil penalties imposed on him for the filing of frivolous tax returns. Shortly after the complaint was filed, the district court entered an order notifying Mr. Herip that "there are no facts alleged in the complaint which could be construed to set forth a valid federal claim for relief" and ordering taxpayer to file an amended complaint. Mr. Herip responded with a one-page document summarizing his prior allegations. The United States moved for summary judgment with respect to all the claims asserted by Mr. Herip. The district court granted the United States's motion for summary judgment; it concluded that Mr. Herip's challenges to his collection due process hearing and the resulting IRS determination were without merit. A final order dismissing the case was entered accordingly and Mr. Herip appealed.

On November 25, 1998, Mr. Herip filed an Amended U.S. Individual Tax Return for 1984. On this return, Mr. Herip reported a reduction in his adjusted gross income for 1984 from $23.814.39 to zero, and a reduction of his taxable income from $21,059.71 to zero. Consequently, Mr. Herip sought a tax refund of approximately $3400. He justified this request by noting on his return that he "incorrectly reported my wages, savings account interest and other items as income. As defined by numerous Supreme Court decisions, income is corporate profit." Mr. Herip filed similar submissions for 1985 through 1996.

The IRS, on April 21, 1999, notified Mr. Herip that it had determined that "the information you sent is frivolous and your position has no basis in law." The IRS advised Mr. Herip to seek counsel and gave him 30 days to withdraw his amended returns or face $500 fines for each. Mr. Herip returned this notice with handwritten addendums challenging the IRS's basic authority to send him the notice and to tax his income. Mr. Herip also filed a return for 1998 that stated his taxable income as zero because "wages not income [sic]." The IRS responded with a notice of deficiency and warning of a $500 civil penalty. The parties went through a similar pattern in 2000 concerning Mr. Herip's return for 1999.

The IRS sent Mr. Herip a "Final Notice—Notice of Intent to Levy and Notice of Your Rights to a Hearing" on June 16, 2001, which informed him of the agency's intent to file a levy for nonpayment of taxes. The notice warned Mr. Herip that the IRS could file a "Notice of Federal Tax Lien" to protect the government's interest and secure his property. The IRS also notified Mr. Herip that he owed civil penalties for his amended returns for 1984–1996, 1998–1999, and that he owed back taxes for 1996.

The June 16 notice included a form that allowed Mr. Herip to receive a collection due process hearing. That hearing was held on October 12, 2001. Afterwards, the IRS sent Mr. Herip a notice sustaining the proposed levy action to collect the civil penalties imposed for his frivolous filings.

## II.

We review a district court's grant of summary judgment de novo. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

The underlying actions taken by the IRS are reviewed for abuse of discretion. *See Goza v. Commissioner*, 114 T.C. 176, 181–82, 2000 WL 283864 (2000).

### III.

Mr. Herip presents four arguments against the United States's motion for summary judgment. First, he argues that the IRS failed to comply with 26 U.S.C. § 6330(c)(1) when the hearing officer, and not the Secretary of the Treasury, verified the revenue service's compliance with their administrative procedures. Second, he argues that the IRS did not satisfy the jurisdictional prerequisites for a collections due process hearing. Third, he argues that there was no proper delegation in regard to the "Final Notice of Intent to Levy." Fourth, he argues that his wages do not constitute "taxable income." None of these arguments have merit.

### 1.  Compliance with 26 U.S.C. § 6330

█ Section 6330(c)(1) requires the hearing officer to "at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met" prior to imposing liability for taxes or penalties. The main purpose of the hearing is to ensure that the IRS's collection activities do not impose undue hardship on the taxpayer, who can also raise defenses to the underlying tax liability. § 6330(c)(2)(B)("The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."). Here the hearing officer reviewed Mr. Herip's file and determined that "it appears to me that all applicable laws and administrative procedures have been met." Mr. Herip argues that this does not constitute "verification" by a delegate of the Secretary of the Treasury, and also that it shows that the hearing officer

was not "impartial" as required by 26 U.S.C. § 6330(b)(3).

Mr. Herip's verification argument is without merit. Courts have recognized that officers conducting a collections due process hearing may rely on Form 4340 to provide verification. *See, e.g., Roberts v. Commissioner,* 329 F.3d 1224, 1228 (11th Cir.2003)(collecting cases). The transcript does not reveal whether or not the hearing officer reviewed Form 4340. It does reveal, however, that the officer reviewed

> [Mr. Herip's] Form 12153 and any attached correspondence; original copies of administrative files for the tax periods previously stated; case history leading up to the appealed collection action; and transcripts for each year were reviewed, which indicate that the taxes were properly assessed, remain unpaid and demand for payment has been made.

The purpose of Form 4340 is to provide an official summary of the revenue service's dealing with taxpayers, including "the record of assessments made against the taxpayer, the record of payments or credits applied to the taxpayer's account, the record of tax returns filed (if any), dates of notices and demands for payment, as well as dates of filing of Notices of Federal Tax Lien." *Rodgers v. United States,* 1998 WL 782587 at *2 n. 2, 82 A.F.T.R.2d 98–6651 (D.Nev.1998). Form 4340 traditionally provides *prima facie* evidence that the IRS has complied with its statutory duties. *Roberts,* 329 F.3d at 1228.

In this case, the hearing officer went one step more than normally required and actually reviewed the underlying records instead of relying solely on Form 4340. Mr. Herip presents no argument about how a more thorough verification than traditionally required violates his rights under § 6330. Moreover, Mr. Herip presents no evidence that the alleged failure to verify

harmed him because his arguments, i.e., that notice requirements were not satisfied and his underlying tax liability was assessed incorrectly, were frivolous, as discussed below.

■ Finally, the hearing officer's lack of prior involvement in Mr. Herip's case meets the impartiality requirement found in § 6330(b)(3). For § 6330 purposes, an impartial hearing officer is one who "has had no prior involvement with respect to the unpaid tax specified in subsection (a)(3)(A) before the first hearing under this section or section 6320." 26 U.S.C. § 6330(b)(3); *see also MRCA Information Services v. United States,* 145 F.Supp.2d 194, 200 (D.Conn.2000). Mr. Herip has presented no evidence that the hearing officer who conducted his collection due process hearing was previously involved in his case. Hence, the revenue service met § 6330(b)(3)'s impartiality requirement in this instance.

### 2. Mr. Herip and the Notices of Deficiency

■ Mr. Herip argues that the Internal Revenue Service did not have jurisdiction to hold a collection due process hearing because it never issued him a proper "Notice of Deficiency" insofar as there was no proof that the notice he received was signed by a person who was delegated to do so by the Secretary of the Treasury. The district court correctly found that Mr. Herip admitted that he received notices of deficiency, which in turn authorized the IRS to conduct a collection due process hearing.

### 3. Mr. Herip and Delegations of Authority by the Secretary of Treasury

Mr. Herip raises a related argument that the district court improperly ignored the following issues of material fact:

a) whether the Director of the Service Center possessed a delegation order from the Secretary authorizing him to send out "notices of deficiency"

b) whether the Chief of the Automated Collection Branch possessed a delegation order from the Secretary authorizing him to send out "notices of deficiency"

c) whether the Secretary of the Treasury properly "verified" that "the requirements of any applicable law or administrative procedure have been met"

Mr. Herip's arguments regarding the proper delegation of authority are frivolous. *See Nestor v. Commissioner,* 118 T.C. 162, 165–66, 2002 WL 236682 (2002); *see also Israel v. Commissioner,* T.C.M. 2003–338, 2003 WL 22940366 (U.S.Tax Ct. Dec.15, 2003). As we discussed earlier, so too are his arguments about whether the hearing officer provided proper verification.

### 4. Mr. Herip and the Income Tax

■ Finally, Mr. Herip argues that he cannot be penalized under § 6702, which provides for civil penalties for income tax filings that are frivolous or are designed "to delay or impede the administration of Federal income tax laws." 26 U.S.C. § 6702. The basis of Mr. Herip's argument is that the IRS did not prove pursuant to § 6703 that Mr. Herip may be penalized for filing amended returns stating his income is zero. He argues, *inter alia,* that "no section of the Internal Revenue Code establishes an income tax 'liability'" and that "no section of the Internal Revenue Code provides that income taxes 'have to be paid on the basis of a return.'" Finally, he argues that the word income as defined by the Internal Revenue Code includes only corporate income.

We have held that substantially similar arguments are frivolous and "are totally

without merit." *Perkins v. Commissioner,* 746 F.2d 1187, 1188 (6th Cir.1984) (citing 26 U.S.C. § 61(a) and U.S. Const. Amend. XVI).

### IV.

For the reasons given above, we affirm the district court's judgment.