**Randy S. QUIGLEY Plaintiff,**

v.

**UNITED STATES of America Defendant.**

No. CIV.A. 04–1987.

United States District Court, E.D. Pennsylvania.

Dec. 17, 2004.

Randy S. Quigley, Harleysville, PA, pro se.

Dashiell C. Shapiro, U.S. Attorney's Office U.S. Dept of Justice, Washington, DC, for Defendant.

## *MEMORANDUM AND ORDER*

TUCKER, District Judge.

Presently before this Court are the Parties' Cross–Motions for Summary Judgment. Upon consideration of the Plaintiff's Motion that this Court Declare Invalid the IRS "Determination" At Issue (Doc. 2)[1] and the United States' Motion for Summary Judgment (Doc. 7), this Court will grant the United States' Motion for Summary Judgment and deny the Plaintiff's Motion.

## *BACKGROUND*

The pertinent facts are as follows. On January 29, 2003, the United States Internal Revenue Service ("IRS") sent Plaintiff letter 2801 regarding his election as "exempt" on his Form W–4 for the 2002 tax year.[2] This letter informed the Plaintiff that the IRS would assess a $500 civil penalty for making a false statement unless he provided a reasonable basis for the Form W–4 statement within thirty (30) days. The letter also asked Plaintiff to complete an enclosed Form W–4 worksheet and Form 6450 questionnaire to determine exemption from withholding. On February 4, 2003, Plaintiff wrote a letter to the IRS regarding the proposed assessment. In this letter, the IRS alleges that Plaintiff provided no justification for his statement that he was exempt from withholdings, and his letter contained several "frivolous" constitutional arguments. Plaintiff failed to provide the completed

---

1. Plaintiff is proceeding in this matter *pro se.* The arguments contained in his motion (Doc. 2) are those for summary judgment. Therefore, the Court will consider Plaintiff's motion as a motion for summary judgment.

2. All facts, unless specified otherwise, are taken from the Declaration of Daria Gallen, Appeals Officer for the IRS. Ms. Gallen in the appeals officer that handled Plaintiff's appeal. It should be noted that the Plaintiff did not provide a factual summary in his motion.

worksheet or questionnaire to establish that he was entitled to claim exempt on his Form W–4 for the 2002 tax year.

On February 25, 2003, the IRS wrote a letter to Plaintiff addressing his arguments. On April 14, 2003, the IRS assessed Plaintiff with a civil penalty in the amount of $500 for filing false information on his W–4 for the 2002 tax year, pursuant to 26 U.S.C. § 6682. On May 12, 2003, the IRS notified Plaintiff in a letter that the balance was due on the assessed civil penalty. As of July 4, 2003, the Plaintiff had not paid his civil penalty for the 2002 tax year.

On July 4, 2003, the IRS issued a notice of intent to levy, letter 1058, regarding the unpaid civil penalty. The notice informed Plaintiff that the IRS would levy to receive the monies owed unless he requested a hearing before an Appeals Officer within thirty (30) days. On July 25, 2003, Plaintiff requested a Collection Due Process ("CDP") hearing. In that request, the Plaintiff raised the same constitutional arguments. On October 31, 2003, Daria Gallen, the assigned appeals officer from the IRS, wrote a letter to Plaintiff indicating that his appeal could be conducted through telephone, mail, and/or personal interviews.

On January 5, 2004, Gallen wrote to Plaintiff regarding his appeal and notified Plaintiff that based on her review of the literal transcripts of his account with the IRS, the proposed levy and the recording of the lien were correct. This letter informed Plaintiff that if he wanted the IRS to consider an alternative to the levy, he would have to raise issues relevant to paying his tax liability. The letter enclosed an offer-in-compromise package for Plaintiff to complete, so that the IRS could consider an alternative to enforced collection, and it also enclosed financial disclosure forms for Plaintiff to complete in order for the IRS to process an installment agreement. The letter instructed Plaintiff to file income tax returns for the years 2000, 2001, and 2002, which Plaintiff had not done. The IRS informed the Plaintiff that it could not consider an alternative to the levy if he was not in compliance with his duty to file returns and pay taxes. All enclosed forms were to be returned to the IRS no later than February 5, 2004. Ms. Gallen's letter stated that Plaintiff should feel free to call during regular business hours if he had any questions about his appeal, and she provided her phone number.

On February 4, 2004, Plaintiff wrote a letter to Ms. Gallen demanding an in-person interview, however, Plaintiff did not provide any information relevant to the levy.[3] On February 6, 2004, Ms. Gallen wrote a letter to Plaintiff offering him an additional fifteen (15) day period within which to raise issues relevant to his levy. Plaintiff did not respond to the February 6, 2004, letter.

On March 25, 2004, Ms. Gallen determined that the levy was appropriate and denied the Plaintiff's appeal. She concluded that the legal and procedural requirements had been followed, and that the levy balanced the need for efficient tax collection with the concern that any collection action be no more intrusive than necessary. On April 8, 2004, the IRS issued a notice of determination to Plaintiff, which informed him that the IRS had considered his challenges to the appropriateness of the levy and determined that his challenges were unavailing.

## REVIEW OF THE IRS DETERMINATION

### Summary Judgment Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to in-

---

**3.** Plaintiff previously demanded an in-person interview via telephone.

terrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. *Id.*

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis of its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial *Celotex* burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2553–54. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322,

106 S.Ct. at 2552–53. "[I]f the opponent [of summary judgment] has exceeded the 'mere scintilla' [of evidence] threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent." *Big Apple BMW, Inc. v. BMW of North America, Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992). Under Rule 56, the court must view the evidence presented on the motion in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513–14.

### Standard of Review for Appeal of an IRS Determination

This case is properly before this Court pursuant to 26 U.S.C. § 6330(d)(1)(B), which provides that "the person may, within 30 days of a determination under this section, appeal such determination—if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States."[4] Section 6330 does not provide the standard of review to be applied by the district court. "The Third Circuit has not spoken on this issue, however, district courts in this and other districts have applied an abuse of discretion standard." *STA Painting Co. v. Internal Revenue Service*, 2004 WL 257393, *2, 2004 U.S. Dist. LEXIS 2126 at *7 (additional citations omitted). This Court will also apply the abuse of discretion standard.

"The abuse of discretion standard requires a court to determine whether the administrative decision was based on a consideration of the relevant factors and

---

**4.** This Court has jurisdiction over this case. The United States Tax Court "has exclusive jurisdiction to determine the correctness of deficiency assessments made by the Commissioner of Internal Revenue." *See STA Painting Co. v. IRS*, 2004 WL 257393, *2 n. 4, 2004 U.S. Dist. LEXIS 2126, * 7 n. 4 (E.D.Pa. Feb.

11, 2004) (quoting *Danner v. United States*, 208 F.Supp.2d 1166, 1170 (E.D.Wash.2002)). "Since Plaintiff does not challenge the amount of liability, at issue in this case is not the 'correctness' of the 'assessment,' but the propriety of the deficiency procedure used for collection." *Id.*

whether or not there was a clear error of judgment." *Id.*, 2004 WL 257393, *3, 2004 U.S. Dist. LEXIS 2126, at *8–9 (quoting *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971)). The agency must articulate a "rational connection between the facts found and the choice made." *Id.*, 2004 WL 257393, *4, 2004 U.S. Dist. LEXIS 2126, at *9 (quoting *Bowman Transp., Inc. v. Arkansas–Best Freight Sys., Inc.*, 419 U.S. 281, 285, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974)). The task of this Court is to determine whether, in its own opinion, there is an adequate basis in law for the appeals officer's determination. *Id.*

## DISCUSSION

Plaintiff brings this action against the IRS alleging, primarily, that the IRS appeals officer did not fulfill his right to a CDP hearing, in violation of 26 U.S.C. § 6330(b). In addition, Plaintiff claims the following:

(1) that the appeals officer did not provide him with "verification from the Secretary" as required by 26 U.S.C. § 6330(c)(1);

(2) the appeals officer violated Treas. Reg. § 301.6320–1T(e)(1) by denying him the right to "raise any relevant issue relating to unpaid tax;"

(3) the appeals officer violated 26 U.S.C. § 6751(b)(1) because none of the supplied documents contained signatures or certifications by an assessment officer as required by the statute;

(4) the IRS violated 44 U.S.C. § 1505(a)(3) by not publishing the penalty in the Federal Register;

(5) Plaintiff was entitled to claim "exempt" on his W–4 because the taxes at issue are *wage* taxes and not *income* taxes, and their payment would be unconstitutional if it were not voluntary; and finally,

(6) Plaintiff never received the statutorily required "notice and demand" for payment as required by 26 U.S.C. §§ 6203, 6321 and 6331.

It is the position of the IRS that Plaintiff never raised any issues relevant to the proposed levy. Rather, he persisted in making frivolous "constitutional" arguments in an attempt to circumvent the tax system. Moreover, Plaintiff remained ineligible for an alternative to the proposed levy because he was not in compliance with his duty to file tax returns.

Title 26 U.S.C. § 6330(b) states that "[i]f a person requests a hearing, such hearing shall be held by the IRS Office of Appeals." According to the Code of Federal Regulations, 26 C.F.R. § 301.6330–1(d) (2004), "A hearing may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof." This regulation clearly states that the taxpayer is not guaranteed nor entitled to a face-to-face meeting with an appeals officer.

In this case, this Court finds that the appeals officer, Gallen, met all hearing requirements under 26 U.S.C. § 6330(c)(1). From reviewing the numerous attempts at communication with the Plaintiff made by the appeals officer, it is evident that Plaintiff was, in fact, offered a face-to-face hearing, on the condition that he be "prepared to discuss issues relevant to paying [his] tax liability." Gallen Aff. Ex. 110. Plaintiff failed to provide the relevant and necessary paperwork as requested. Gallen sent several letters to the Plaintiff in an attempt to resolve this issue amicably, but the Plaintiff was non-responsive. Therefore, Gallen proceeded by reviewing the case file and correspondence and approved the levy against the Plaintiff. Accordingly, this Court finds that Plaintiff received a

fair hearing from an impartial appeals officer, and the levy will stand.

Plaintiff also challenges that the appeals officer did not provide him with "verification from the Secretary" as required by 26 U.S.C. § 6330(c)(1). Section 6330(c)(1) provides that "the appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law of administrative procedure have been met." In this case, the appeals officer complied with this section. Ms. Gallen reviewed the transcripts and all other information available to verify that a proper assessment was made and that notice and demand for payment were mailed. Further, Ms. Gallen mailed all materials that she reviewed and/or considered to the Plaintiff. Nowhere does this section require that the Plaintiff be provided with verification from the Secretary. Therefore, this Court finds that Plaintiff was provided with all that is statutorily required.

The remainder of Plaintiff's arguments lack merit and can be addressed summarily. First, the appeals officer did not violate Treas. Reg. § 301.6320–1T(e)(1) because the Plaintiff was not denied the right to "raise any *relevant* issue relating to unpaid tax." (emphasis added). Plaintiff was asked repeatedly to raise any and all *relevant* issues relating to his tax liability. He declined to do so. Second, the appeals officer did not violate 26 U.S.C. § 6751(b)(1) because this code section only applies to the initial determination of the civil penalty. None of the documents that Plaintiff cites to, i.e. the transcripts of his accounts, have to be signed nor are certificates from an assessment officer required to be provided. Third, the IRS is not in violation of 44 U.S.C. § 1505(a)(3) because this code section refers to the publication of proclamations and executive orders from the President of the United States. It does not mandate the publication of tax

levies. Fourth, the Court will not address the Plaintiff's frivolous constitutional arguments regarding his elected tax exemption. The IRS has deemed these arguments frivolous, and this Court finds that, in making that finding, the IRS has not abused its discretion. Lastly, Plaintiff did receive the statutorily required "notice and demand" for payment as required by 26 U.S.C. §§ 6203, 6321 and 6331, which is evidenced in the Gallen Affidavit exhibits 104, 105 and 111.

### *CONCLUSION*

For the foregoing reasons, this Court will grant the United States' Motion for Summary Judgment and deny Plaintiff's Motion. An appropriate Order follows.

### *ORDER*

**AND NOW**, this _____ day of December, 2004, upon consideration of the Plaintiff's Motion that this Court Declare Invalid the IRS "Determination" at Issue (Doc. 2) and United States' Motion for Summary Judgment (Doc. 7), **IT IS HEREBY ORDERED AND DECREED** that:

1. The United States' Motion for Summary Judgment is **GRANTED;**

2. The Plaintiff's Motion that this Court Declare Invalid the IRS "Determination" at Issue is **DENIED.**

3. The Clerk of the Court shall mark the above-captioned case as **CLOSED.**