**Robin S. TURNER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 2:04–CV–855.**

United States District Court, S.D. Ohio, Eastern Division.

April 13, 2005.

Robin S. Turner, Mingo Junction, OH, pro se.

Steve A. Serman, US Dept. of Justice, Washington, DC, for Defendant.

### OPINION AND ORDER

FROST, District Judge.

This matter comes before the Court for consideration of a Motion for Affirmance of the IRS Administrative Decision and to Dismiss Claim for Damages filed by Defendant United States of America ("Defendant" or "Government").[1] (Doc. # 8). Plaintiff Robin S. Turner ("Plaintiff" or "Turner") filed an Answer to Defendant's Motion. (Doc. # 10). For the following reasons, the Court **GRANTS** the Defendant's motion to affirm and dismiss.

### I. Background

Turner completed his Form 1040 2002 income tax return by filling in zeros for his income and tax liability and filed it with the Internal Revenue Service ("IRS"). (Doc. # 1, Ex. A(2).) However, independent third parties provided income documents to the IRS that established that Turner had earned wages totaling $34,903

and interest income of $77 in 2002. (*Id.*) As a result, the IRS assessed a $500 monetary penalty against Turner on January 12, 2004 for filing a frivolous tax return. (Doc. # 1 Ex. C; Doc. # 8 at 3). Because Turner did not pay the fine, the IRS sent him a Final Notice of Intent to Levy and Notice of Your Right to a Hearing ("the levy notice"). (Doc. # 1 Ex. C.) In response, Turner filed a written request for a Collection Due Process hearing ("CDP hearing") to challenge the appropriateness of the collection action and the existence of the underlying tax liability. (Doc. # 1 at ¶¶ 14–15, 17.) In this letter, Turner demanded certain documents and verification be produced at the CDP hearing, including (1) the specific code section that makes him liable for the income tax at issue; (2) the names and identification numbers of the IRS employees who imposed the penalty; (3) the delegation of authority from the Secretary of the Treasury authorizing the employees to impose the penalty; (4) a copy of the record of his assessment; and (5) copies of statutes and regulations pertaining to the penalty assessed and his liability thereunder. (Doc. # 1 at ¶¶ 19–20.)

The IRS denied Turner's request for an in-person oral hearing because the issues he raised in his letter were "frivolous" and/or "groundless." (Doc. # 1 Ex. F.) The IRS instead offered Turner two options. (*Id.*) First, a telephone hearing could be conducted. (*Id.*) Second, Turner could express his arguments through written correspondence. (*Id.*) Turner timely responded in writing by declining both of the options and instead insisted upon a "face-to-face meeting." (Doc. # 1 Ex. E.) He also reiterated his complaints and threatened to sue the IRS for damages if

---

1. Defendant attached seven (7) exhibits to its motion to affirm and to dismiss. Turner attached five (5) of those exhibits to his complaint. Exhibits F & G to Defendant's motion were not attached to Plaintiff's Complaint. The Court holds that those two (2) exhibits are irrelevant to the determination at hand.

it refused to grant him an in-person hearing. (*Id.*)

Apparently, the IRS treated Turner's response as an acceptance of their offer to address his arguments through written correspondence. Subsequently, the IRS issued its Notice of Determination on August 10, 2004. (Doc. # 1 Ex. A.) The Notice of Determination was the administrative determination of the IRS relative to Turner's liability for the collection action. (*Id.*) That determination concluded that Turner intentionally filed a frivolous tax return and noted that Turner presented only frivolous arguments regarding his liability in his request for an in-person hearing. (Doc. # 1 Ex. A(4).) The Notice of Determination also informed Turner of his right to appeal the Notice of Determination to a Federal District Court within 30 days. (Doc. # 1 Ex. A.)

Proceeding *pro se,* Turner instituted this action on September 4, 2004, requesting this Court set aside the Notice of Determination and award him costs and damages. (Doc. # 1.) On December 8, 2004, the Government moved for affirmance of the IRS Administrative Decision and dismissal of Turner's damage claim. (Doc. # 8.) On January 12, 2005, Turner untimely filed a response to Defendant's motion.[2] (Doc. # 10.) It is to an examination of the Government's motion that this Court now turns.

## II. Discussion

At the outset, the Court is aware that *pro se* complaints such as the one in the present case are subject to a less stringent standard than those prepared by an attorney. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Even

taking this into consideration, the Court **GRANTS** Defendant's motion.

## A. MOTION TO AFFIRM

The Government first argues that the Court should affirm the Notice of Determination of the IRS. (Doc. # 8). In contrast, Turner asserts that the Government violated his due process rights by not holding an in-person hearing. (Docs.# # 1, 10).

 The IRS may assess a civil penalty of $500 against anyone who "files what purports to be [an income tax] return" but which contains "information that on its face indicates that the self-assessment is substantially incorrect" and is due to "a position which is frivolous." 26 U.S.C. § 6702(a); *see also Gillett v. United States,* 233 F.Supp.2d 874, 881 (W.D.Mi. 2002). An individual's position meets the objective test for frivolousness under 26 U.S.C. § 6702(a)(2) when it has "no basis in fact or law." *Gillett,* 233 F.Supp.2d at 881.

A taxpayer has a right to a CDP hearing before the IRS can issue a levy against any of the taxpayer's property. 26 U.S.C. § 6330. The CDP hearing, conducted by the Office of Appeals of the IRS, provides for the opportunity to discuss collection options and liability issues. 26 U.S.C. § § 6330(c)(2); 6330(a)(3)(B). At a CDP hearing, a taxpayer may challenge the existence or the amount of the underlying tax liability. 26 U.S.C. § § 6330(c)(2)(A), 6330(c)(2)(B). In this case, the underlying tax liability was the frivolous return penalty because the: (1) notice of intent to levy notified Turner of the Government's intention to collect on the penalty and not on any income tax liability, and (2) at the time

---

**2.** Turner's answer was late pursuant to the Federal Rules of Civil Procedure and the Local Rules. The Court encourages Turner to familiarize himself with the time limits as set forth in those rules. However, because the

Court prefers to decide cases on the merits, it will overlook the tardiness of Turner's answer. Turner is cautioned that the Court may not be willing to do so in the future.

the notice of intent to levy was sent, the IRS had not yet completed its assessment of Turner's 2002 income tax liability. 26 U.S.C. § 6321.

Turner seeks judicial review of the Notice of Determination pursuant to 26 U.S.C. § 6330(d). The Sixth Circuit held in an unpublished decision that a suit pursuant to that statute that attempts to challenge a hearing officer's decision concerning a plaintiff's underlying tax liability for particular years fell within the exclusive jurisdiction of the United States Tax Court. *See Diefenbaugh v. Weiss*, 234 F.3d 1267 (6th Cir.2000) (affirming District court's *sua sponte* dismissal of the plaintiff's complaint). At present, it is unclear whether the Sixth Circuit would correspondingly hold that review of the administrative decision to impose civil sanctions for filing frivolous returns fell within the exclusive jurisdiction of the United States Tax Court. As a result, in the absence of controlling authority, the Court will assume for purposes of ruling on this motion that the Court does have subject matter jurisdiction limited to the review of the appropriateness of the frivolous tax return penalty assessed pursuant to 26 U.S.C. § 6330(d). *See Gillett*, 233 F.Supp.2d at 882.

Section 26 U.S.C. § 6330(d) fails to specify the standard of review a court should use for cases involving frivolous returns. *See* 26 U.S.C. § 6330(d); *Gillett*, 233 F.Supp.2d at 881 (citing *Carroll v. United States*, 217 F.Supp.2d 852, 855 (W.D.Tenn.2002)). The legislative history of 26 U.S.C. § 6330(d) indicates that the Court should conduct a *de novo* review "where the validity of the tax liability was properly at issue in the administrative hearing." H.R. Conf. Rep. No. 105–599, at 266 (1998); *see also Tornichio v. United States*, 263 F.Supp.2d 1090, 1095 (N.D.Oh. 2002) (citing *Rennie v. IRS*, 216 F.Supp.2d 1078, 1080 (E.D.Ca.2002)); *Geller v. U.S.*,

2001 WL 1346669 (S.D.Oh.2001). When the underlying tax liability is not at issue, a court must review the determination using an abuse of discretion standard. *Tornichio*, 263 F.Supp.2d at 1095; *MRCA Info. Services v. United States*, 145 F.Supp.2d 194, 199 (D.Conn.2000).

The only tax liability at issue here is the penalty assessed for filing a frivolous return. 26 U.S.C. § 6671(a) (stating in relevant part that "except as otherwise provided, any reference in this title to 'tax' imposed by this title" also refers to the "penalties and liabilities provided by this subchapter"); *see* 26 CFR § 301.6321–1; *see also Bartley v. United States, Internal Revenue Service*, 343 F.Supp.2d 649, 654 (N.D.Oh.2004). Because the validity of Turner's tax liability was properly at issue in the CDP hearing, this Court will review the case *de novo*.

■ However, this Court is confined to the administrative record in considering Turner's appeal. 26 C.F.R. § 301.6330–1(f)(2) Q–F5/A–F5 ("[T]he taxpayer can only ask the court to consider an issue that was raised in the taxpayer's CDP hearing."). "Courts interpreting these provisions have determined that actions brought pursuant to § 6330(d) are actions for administrative review and, thus, the reviewing district court is limited to the administrative record and the parties are not entitled to discovery or jury trial." *Hart v. United States*, 291 F.Supp.2d 635, 640 (N.D.Oh.2003) (citing *Community Residential Servs. v. United States*, 2003 WL 21033239 at * 1 (M.D.N.C. May 7, 2003); *Carroll v. United States*, 217 F.Supp.2d 852, 858 (W.D.Tenn.2002)).

**1. CDP Hearing and IRS determination**

Before the issuance of an IRS levy or upon the filing of a notice of federal tax lien, the IRS is required to notify a tax-

payer of his right to request a CDP hearing within 30 days of the notice of intent. *See* 26 U.S.C. §§ 6330(a) and 6331(d); *see also Bartley*, 343 F.Supp.2d at 652. Turner timely requested a CDP hearing and attached the issues he planned to raise at the hearing. (Doc. # 1 Ex. B.) The Appeals Office of the IRS denied Turner's request for an in-person hearing, but granted him the opportunity to either appear for a scheduled telephone hearing or to raise his arguments through correspondence. (Doc. # 1 Ex. F.) Turner declined the telephone hearing, reiterated his request for an in-person hearing, and now argues that the denial of the in-person hearing violated his due process rights. (Doc. # 1 Ex. E; Doc. # 10.)

At the CDP hearing, a taxpayer may "raise any relevant issue relating to the unpaid tax or the proposed levy," including the appropriateness of the collection action and offers of collection alternatives. 26 U.S.C. § 6330(c)(2)(A); *see also Bartley*, 343 F.Supp.2d at 652–653. The taxpayer may also raise any "challenges to the existence or amount of the underlying tax liability" if he did not receive prior statutory notice of the tax liability or did not have another opportunity to dispute the issue. 26 U.S.C. § 6330(c)(2)(B). "The appeal procedures, however, do not extend to cases involving solely the failure or refusal to comply with the tax laws because of moral, religious, political, constitutional, conscientious, or similar grounds." 26 C.F.R. 601.106(b) (2004); *see also Jewett v. C.I.R.*, 292 F.Supp.2d 962, 966 (N.D.Ohio 2003).

Here, the Appeals Office declined Turner's request for an in-person hearing because of his intention to raise issues not relevant to the penalty assessed for filing a frivolous return. (Doc. # 1, Exhibit F.) The office did, however, offer him a telephone conference or the opportunity to present his arguments in writing. (*Id.*)

■ The Court finds that the Appeals Officer complied with the hearing requirements. Turner is not guaranteed and not entitled to an in-person hearing. *Quigley v. U.S.*, 358 F.Supp.2d 427, 431–32 (E.D.Pa.2004). The Code of Federal Regulations expressly states that because the formal requirements of the Administrative Procedure Act, 5 U.S.C. § 551, *et seq.*, do not apply to CDP hearings, "[a] hearing may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof." 26 C.F.R. § 301.6330–1(d) A–D6 (2004). Because the communication between Turner and the IRS consisted of written documentation, an offer of a scheduled telephone hearing, and an opportunity for an in-person hearing if Turner wished to raise relevant issues pertaining to the tax penalty, the Court holds that the Appeals Office of the IRS did not violate Turner's right to a fair hearing as prescribed by 26 U.S.C. § 6330. See *Quigley*, at 431–32 (holding same).

### 2. Appropriateness of the Collection Action

Turner argues that the issues he planned to raise at an in-person hearing were relevant because they referred to the appropriateness of the collection action pursuant to 26 U.S.C. § 6220(c)(2)(A)(ii). (Docs.# # 1, 10). Turner asserts that the collection action was inappropriate because (1) he did not receive a statutory notice and demand for payment of the taxes at issue; (2) no valid assessment for the underlying income taxes was ever made; (3) there was no verification from the Secretary of the Treasury that the procedures have been met; and (4) the IRS failed to provide the names, ID numbers, and job descriptions of the IRS employees who imposed the frivolous penalty against him.

*(Id.)* This Court disagrees. Turner's "challenge to the appropriateness of the collection action" consisted of arguments and demands that federal courts have consistently deemed frivolous.

■ Turner's contention that he did not receive a statutory notice and demand form is unavailing. *Carroll,* 217 F.Supp.2d at 856. The form on which a notice of assessment and demand for payment is made is "irrelevant as long as it provides the taxpayer with all the information required under 26 U.S.C. § 6303(a)." *Id.* (citing *Elias v. Connett,* 908 F.2d 521, 525 (9th Cir.1990)). Section 6303 requires that the Secretary give notice to the person liable for the tax, within 60 days of the assessment, indicating the amount owed and demanding the payment of it. The notice should be sent to the person's last known address. 26 U.S.C. § 6303(a). The final notice attached to Turner's complaint satisfies these requirements. (Doc. # 1 Ex. C); *Carroll,* 217 F.Supp.2d at 856.

Turner's argument that no valid assessment of the underlying income tax was made is also without merit. The government is not required to issue an assessment while the taxpayer's timely challenge to a notice of deficiency is still pending. 26 U.S.C. § 6213(a); see also *Wos v. C.I.R.,* 110 Fed.Appx. 689, 691 (7th Cir. 2004) (unpublished) (citing *Reynolds v. CIR,* 296 F.3d 607, 613 (7th Cir.2002)); *Murray v. CIR,* 24 F.3d 901, 903 (7th Cir.1994).

■ Turner asserts that the IRS did not comply with the law, specifically 26 U.S.C. § 6330, because the hearing officer failed to present verification and delegation of authority from the Secretary. (Docs.# # 1, 10). Again, this Court disagrees. Courts have consistently rejected the argument that the IRS must produce evidence of delegated authority from the Secretary of the Treasury:

Relevant statutes and regulations demonstrate...that the Secretary does have the power to collect taxes, and that such power can be delegated to local IRS agents.... The delegation of authority down the chain of command, from the Secretary, to the Commissioner of the Internal Revenue, to local IRS employees constitutes a valid delegation by the Secretary to the Commissioner, and a redelegation by the Commissioner to the delegated officers and employees.

*See* 36 C.F.R. § 301.7701 (2004); *Tornichio,* 263 F.Supp.2d at 1097 (citing *Rennie,* 216 F.Supp.2d at 1082) (quoting *Hughes v. United States,* 953 F.2d 531, 536 (9th Cir. 1992)); *see also Bartley,* 343 F.Supp.2d at 653 (citing 26 U.S.C. § 7805(a) (stating the Secretary of the Treasury may delegate authority and responsibilities to others by prescribing rules or regulations.)). The Internal Revenue Code ("I.R.C.") does not require the IRS to publish these internal delegations of authority from the Secretary to enforce the tax laws. *Tornichio,* 263 F.Supp.2d at 1097 (citing *Hughes,* 953 F.2d at 539; *Rennie,* 216 F.Supp.2d at 1082; *Lonsdale v. United States,* 919 F.2d 1440 (10th Cir.1990)). Furthermore, nothing in § 6330(c) requires that the IRS must provide this verification to Turner. *Tornichio,* 263 F.Supp.2d at 1096 (citing *Rennie,* 216 F.Supp.2d at 1080; *see also Nestor v. Comm'r,* 2002 WL 236682 (U.S.Tax Ct.2002)).

Turner claims that the determination should be set aside because the IRS failed to provide him with the names, identification numbers, and job descriptions of the employees who imposed the tax against him. This information is not relevant to whether the penalty imposed was proper. *Gillett,* 233 F.Supp.2d at 883 (citations omitted). Federal courts have also deemed arguments like this to be "frivolous." *Id.* (citing *Hoffman v. United States,* 209 F.Supp.2d 1089, 1094

(W.D.Wash.2002)). Accordingly, the Court finds each of Turner's arguments to be meritless and holds that the collection action was appropriate.

### 3. Right to a Fair Hearing

Turner also argues that he was denied the right to a fair hearing pursuant to 26 U.S.C. § 6330 because the officer conducting the appeal, Michael Duffy ("Duffy"), was not impartial (Doc. # 1 at Ex. E; Doc. # 10). The officer or employee conducting the CDP hearing must be impartial and have had no prior involvement with the penalty imposed before the hearing. 26 U.S.C. § 6330(b)(3); *see also Herip v. United States,* 106 Fed.Appx. 995, 999 (6th Cir.2004) (unpublished) (citing *MRCA Information Services v. United States,* 145 F.Supp.2d 194, 200 (D.Conn.2000)). Turner makes no showing that Duffy had been involved in this case prior to the scheduled telephone hearing.

Additionally, when making the final determination, the appeals officer must base his decision on three factors: (1) the verification that the requirements of any applicable law of administrative procedure have been met; (2) the issues raised by the taxpayer, and (3) the balance between the need for efficient tax collection and the legitimate concern of the taxpayer that any collection action against him be no more intrusive than necessary. 26 U.S.C. § 6330(c)(3); *see also Carroll,* 217 F.Supp.2d at 857. Turner provides no evidence that Duffy failed to comply with these requirements or failed to be impartial when making his final determination. Therefore, the Court holds that the IRS has satisfied § 6330(b)(3)'s impartiality requirement. *Herip,* 106 Fed.Appx. at 999 (holding same).

### 4. Underlying tax liability

■ Turner also repeatedly challenged the underlying tax liability in both his request for a CDP hearing and in his complaint. (Doc. # # 1, 10.) In his challenge to the underlying tax liability, Turner also argues that the IRS failed to provide him with the specific section of the U.S.Code that makes him liable for the income tax at issue. As stated above, the underlying tax liability at issue refers only to the $500 penalty assessed to Turner for filing a frivolous claim. 26 U.S.C. § 6671(a). To the extent that Turner is challenging his liability for the income tax that generated the penalty, such claims fall within the exclusive jurisdiction of the United States Tax Court and must be dismissed. *Gillett,* 233 F.Supp.2d at 884 (citing *Diefenbaugh v. Weiss,* 234 F.3d 1267, 2002 WL 1679510 (6th Cir.2000)); *see also* discussion *supra.*

■ There is no doubt as to the validity of the penalty assessed against Turner. Turner filed his income tax return with zeroes on all lines of the Form 1040 related to wages and income for the 2002 tax year, even though income documents provided to the IRS show that he earned $34,903 in wages and $77 in interest during 2002. Wages are income, 26 U.S.C. § 61, upon which Turner must pay tax, 26 U.S.C. § 61. *See Sisemore v. United States,* 797 F.2d 268, 270 (6th Cir.1986). On its face, the return is frivolous and subject to penalty pursuant to 26 U.S.C. 6702(a). Numerous courts have found that any argument to the contrary is frivolous. *Bartley,* 343 F.Supp.2d at 654 (citing *Sisemore,* 797 F.2d at 270; *Coleman v. Commissioner,* 791 F.2d 68, 70 (7th Cir.1986)); *Sullivan v. United States,* 788 F.2d 813, 815 (1st Cir.1986); *Olson v. United States,* 760 F.2d 1003, 1005 (9th Cir.1985); *In re Hopkins,* 192 B.R. 760, 762–63 (D.Nev. 1995); *see also Rennie v. Internal Revenue Serv.,* 216 F.Supp.2d 1078, 1083 (E.D.Cal.2002); *United States v. Connor,* 898 F.2d 942, 943 (3rd Cir.1990) ("every court which has ever considered the issue

has unequivocally rejected the argument that wages are not income."); *Connor v. Commissioner,* 770 F.2d 17, 19 (2nd Cir. 1985); *United States v. Francisco,* 614 F.2d 617, 619 (8th Cir.1980) (an appeal of the issue itself is frivolous); *Gillett,* 233 F.Supp.2d at 881; *Tornichio,* 263 F.Supp.2d at 1097 ("Courts have consistently found identical arguments to the ones here frivolous."). Thus, Turner's position has no basis in fact and law.

Accordingly, the Court **GRANTS** the Government's motion to affirm the Notice of Determination of the IRS.

## B. MOTION TO DISMISS DAMAGE CLAIM

The second half of the Government's motion argues that the Court should dismiss Plaintiff's damages claim for lack of subject matter jurisdiction. The Court will first present the standard for addressing Defendant's motion before turning to the merits of this argument.

### 1. STANDARD OF REVIEW

■■■■ Defendant contends that dismissal of Plaintiff's damage claim is warranted under Fed.R.Civ.P. 12(b)(1), which enables a defendant to raise by motion the defense of "lack of jurisdiction over the subject matter." When a party challenges subject matter jurisdiction under Fed. R.Civ.P. 12(b)(1), the plaintiff has the burden of proving that the Court has jurisdiction over the cause of action. *Madison– Hughes v. Shalala,* 80 F.3d 1121, 1130 (6th Cir.1996); *Rogers v. Stratton Indus., Inc.,* 798 F.2d 913, 915 (6th Cir.1986). The Court, however, construes the allegations of the complaint favorably to the pleader. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In ruling on such a motion, the district court may resolve factual issues when necessary to resolve its jurisdiction. *Madison– Hughes,* 80 F.3d at 1130; *Rogers,* 798 F.2d at 918. Further, when considering a mo-

tion to dismiss for lack of subject matter jurisdiction, this Court may look beyond jurisdictional allegations in the complaint and the Court may consider whatever evidence the parties submit. *Fairport Intern. Exploration, Inc. v. Shipwrecked Vessel Known as the Captain Lawrence,* 105 F.3d 1078, 1081 (6th Cir.1997); *Tornichio v. United States,* 263 F.Supp.2d 1090, 1094–1095 (N.D.Oh.2002).

### 2. CLAIM FOR DAMAGES

■■■ Turner asserts that because he was denied a hearing, the IRS recklessly and intentionally disregarded the I.R.C., thereby allowing him to sue for damages under 26 U.S.C. § 7433. (Docs.# 1, 10). The United States is immune from lawsuits unless it expressly consents to a waiver of its sovereign immunity. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). The IRS, as part of the United States government, is therefore entitled to the same immunity. *Ramos v. Internal Revenue Service,* 351 F.Supp.2d 5, 11 (N.D.N.Y. 2004). The I.R.C. allows a taxpayer to sue for damages in connection with a collection of federal tax where, "with respect to a taxpayer, any officer or employee of the IRS recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title...." 26 U.S.C. § 7433. The scope of § 7433 extends only to unauthorized collection actions; it does not include determinations of liability. *See Tornichio,* 263 F.Supp.2d at 1098 (citing H.R. Conf. Rep. No. 1104 at 229 and 1998–3 C.B. at 719).

■■■ Section 7433, however, only provides for limited waiver of sovereign immunity, and the United States has not waived its sovereign immunity "unless the taxpayer exhausts available administrative remedies." *Tornichio,* 263 F.Supp.2d at 1098. This Court lacks jurisdiction if the

**1062**

taxpayer fails to exhaust these administrative remedies. *Id.* (citing *Venen v. United States,* 38 F.3d 100, 103 (3rd Cir.1994); *Conforte v. United States,* 979 F.2d 1375, 1377 (9th Cir.1992)). Here, Turner makes no showing that he exhausted his administrative remedies regarding the alleged collection damages. Therefore, because of Turner's failure to exhaust his administrative remedies, the Court lacks jurisdiction to entertain his § 7433 claim for damages.

 Turner also seeks punitive damages from the United States. However, Turner is barred from seeking punitive damages under the Federal Tort Claims Act ("FTCA"). (Docs.# # 1, 10). Under the FTCA, the United States waives its sovereign immunity exclusively for tort actions against the United States, its agencies, and its employees acting within the scope of their employment. 28 U.S.C. § 2679; see also *Arbour v. Jenkins,* 903 F.2d 416, 419 (6th Cir.1990). However, the United States is not liable for punitive damages or interest prior to judgment. 28 U.S.C. § 2674. Furthermore, the FTCA expressly states that its provisions do not apply to any claim that arises from the assessment or collection of any tax. 28 U.S.C. § 2680; *see also Tornichio,* 263 F.Supp.2d at 1099. Therefore, Turner's claim for punitive damages against Defendant is barred by sovereign immunity, and this Court lacks jurisdiction to entertain this claim. The Court **GRANTS** Defendant's motion to dismiss Turner's claims for damages.

### III. Conclusion

Based on the foregoing, the Court affirms the determination of the IRS and dismisses Turner's claims for damages. The Clerk is instructed to enter judgment accordingly and terminate the case upon the docket records of the United States

District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**