NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 24, 2008[*]
Decided July 28, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-1225

| | |
|---|---|
| RICHARD WOS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 06 C 474 |
| UNITED STATES OF AMERICA, | |
| *Defendant-Appellee*. | Ronald A. Guzmán, *Judge*. |

**O R D E R**

Richard Wos sued the United States claiming that the Internal Revenue Service did not provide him with a "collection due process hearing" before proceeding with efforts to collect unpaid income taxes. The district court dismissed the suit for lack of subject-matter jurisdiction. We affirm that decision.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. FED. R. APP. P. 34(a)(2).

Wos was here once before protesting the *assessment* of income taxes for tax years 1996 and 1997. He claimed then that he provided an "even exchange" of services for money in those years and thus had not actually generated any "income" subject to tax. The Tax Court rejected this frivolous contention, and so did we. *Wos v. CIR*, 110 Fed. App'x 689, 691 (Aug. 31, 2004).

This time Wos is trying to thwart *collection* of the taxes assessed for those years. In the summer of 2004, shortly before we issued our last decision, the IRS notified Wos of its intent to levy against his property. Wos was advised that under 26 U.S.C. § 6330 that he could request a "collection due process hearing" to raise concerns about the proposed levy. Wos instead requested a "face to face conference" for "verification of the tax liability." The IRS denied this request as frivolous because the underlying liability no longer was subject to challenge. See 26 U.S.C. § 6330(c)(2)(B). Wos was informed, however, that he could resubmit his request for an in-person hearing if he would agree to limit the discussion to the payment process, but otherwise he would be limited to communicating with the IRS in writing or by telephone. Wos, though, continued to press for an in-person hearing to contest liability, and eventually the IRS Office of Appeals issued a determination authorizing the collection to proceed.

Within 30 days of that determination, Wos filed a civil action in the district court naming the United States as a defendant. Essentially he claimed that the IRS had violated § 6330 and denied him due process by refusing his demand for a face-to-face hearing to contest the levy. The district court dismissed the action for lack of subject-matter jurisdiction, reasoning that jurisdiction lies exclusively in the Tax Court.

Wos previously advanced a number of jurisdictional theories that the district court appropriately rejected. Now in this court he apparently acknowledges that what he really seeks to achieve thorough his lawsuit is a "face to face" hearing which, in his view, was required under § 6330. The district court's conclusion that it lacks jurisdiction to address this question is reviewed de novo by this court. *See St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007); *Small v. Chao*, 398 F.3d 894, 897 (7th Cir. 2005).

Under § 6330, the IRS must tell taxpayers that they can request a "collection due process hearing" before the agency will proceed with a proposed levy. 26 U.S.C. § 6330(a)(1)-(3). The taxpayer "may raise at the hearing any relevant issue related to the unpaid tax or the proposed levy," *id*. § 6330(c)(2)(A), but he cannot challenge "the existence or amount of the underlying tax liability" unless he "did not receive any statutory notice of deficiency . . . or did not otherwise have an opportunity to dispute such tax liability," *id*. § 6330(c)(2)(B); *see also Kindred v. CIR*, 454 F.3d 688, 695 (7th Cir. 2006). Under the version of § 6330 in effect when Wos sued, if the Office of Appeals concluded that the intended levy

should go forward, then the taxpayer could "appeal such determination—(A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States." 26 U.S.C. § 6330(d)(1) (2000).[2]

The "party invoking federal jurisdiction bears the burden of demonstrating its existence." *Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). Wos did not meet his burden. The applicable version of § 6330 gives the Tax Court jurisdiction to review levy determinations if it has jurisdiction, as it does in this case, over the underlying tax liability. *See* 26 C.F.R. § 301.6330-1(f)(2) Q & A F3 (2006); *Wagenknecht v. United States*, No. 06-4161, 2008 WL 2663754, at *4 (6th Cir. July 9, 2008); *Downing v. CIR*, 118 T.C. 22, 27, 2002 WL 15574 (T.C. 2002); *accord Voelker v. Nolen*, 365 F.3d 580, 581 (7th Cir. 2004) (per curiam) (holding that "a case involving [unpaid] income taxes . . . must be filed with the Tax Court" and affirming district court's dismissal on jurisdiction grounds of taxpayer's claim that IRS violated due process in determining income tax liability). And because the Tax Court had jurisdiction, the district court properly found that its jurisdiction was lacking. *See* 26 U.S.C. § 6330(d)(1)(B); *Wagenknecht*, 509 F.3d at 734.

Accordingly, the judgment is AFFIRMED.

---

[2] The authorization for appeal has changed since Wos filed suit. The current version omits all reference to the district court and instead provides that a taxpayer may "appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction over such matter)." 26 U.S.C. § 6330 (d)(1).